[Civ. No. 1563. Fourth Appellate District.—December 19, 1934.]

FORREST S. MACFARLAND, Petitioner, v. THE SU-
PERIOR COURT OF ORANGE COUNTY, Respond-
ent.

Max Sisenwein for Petitioner.

Forgy, Reinhaus & Forgy and A. M. Bradley for Respondent.

JENNINGS, J.—An alternative writ of prohibition was granted by this court on the application of the petitioner herein and it was ordered that the respondent show cause why it should not be absolutely restrained from any further proceedings in a certain action now pending before respondent. The respondent has duly filed its return to the alternative writ. The question which is now presented for determination is whether or not petitioner is entitled to the issuance of a peremptory writ absolutely and forever restraining respondent from taking any further action in the matter now pending before it.

The petition contains allegations of the following facts: On September 5, 1934, Louise Kelley, as plaintiff, instituted in the respondent court an action in unlawful detainer against Kelley's Drug, Ltd., to recover possession of certain premises described as 108 West Fourth Street, in the city of Santa Ana. A judgment was rendered in this action in favor of the plaintiff and against the defendant therein. On November 5, 1934, the sheriff of Orange County served a writ of possession, which had been issued in said action on November 2, 1934, by leaving a copy of said writ at the premises known as 108 West Fourth Street in the city of Santa Ana. This writ of possession commanded the sheriff to place Louise Kelley, the plaintiff in said action, in the quiet and peaceable possession of the aforesaid premises. On November 6, 1934, petitioner caused to be served on the sheriff a notice advising the sheriff that petitioner "as assignee for the benefit of creditors of Kelley's Drug, Ltd.", was then in possession and had been in continuous possession of the premises since June 19, 1934. Petitioner went into possession of the property on June 19, 1934, and thereafter paid rent to the First National Bank of Santa Ana, owner of said premises, for the remainder of the month of June, 1934, and for the months of July and August, and tendered to said bank the rent due for the month of September but

the bank refused to accept such tender. Petitioner, after he took possession of the premises, had no dealings with Louise Kelley with respect to his occupancy thereof. Petitioner has never been served with any notice to vacate the premises by the First National Bank. No privity of contract or estate between petitioner and Louise Kelley exists or has existed since petitioner has been in possession of the premises. Petitioner was not a party defendant in the action brought by Louise Kelley against Kelley's Drug, Ltd., and made no appearance therein. The sheriff of Orange County has not executed the writ of possession issued in the above-mentioned action. On November 10, 1934, in an action instituted by Louise Kelley against the sheriff of Orange County, the respondent court issued an alternative writ of mandate directed to said sheriff commanding him to make immediate levy of the writ of possession or to show cause on a specified date why he should not levy said writ. Unless restrained by order of this court the respondent threatens and intends to hear, pass upon, try and decide the proceedings in the action instituted by Louise Kelley against the sheriff. The respondent court has no jurisdiction to proceed with the hearing of said action for the reason that petitioner is not a party thereto and was not a party to the former action instituted by Louise Kelley against Kelley's Drug, Ltd., and has made no appearance in either of said actions. The respondent court is attempting to adjudicate property rights of petitioner and to deprive petitioner of his enjoyment of the premises hereinabove described without due process of law. Petitioner has no plain, speedy and adequate remedy in the ordinary course of law. The remedy of appeal in particular will afford to petitioner no speedy or adequate remedy for the reason that he is not a party to either of the aforesaid actions. The application for a writ of prohibition is made to this court in the first instance because the respondent court has heretofore issued the alternative writ of mandate directed to the sheriff of Orange County, therefore petitioner cannot apply to respondent to restrain itself from proceeding with the hearing of the action in which the said writ of mandate was issued.

From the above-described allegations of the petition it is apparent that petitioner desires this court to restrain respondent from issuing a peremptory writ of mandate com-

manding the sheriff of Orange County to levy the writ of possession issued by respondent in the prior action of Louise Kelley against Kelley's Drug, Ltd. Petitioner alleges that he will thus be deprived of his possession of the premises without due process of law and maintains that respondent is without jurisdiction to proceed in said matter for the reason that petitioner is not a party to and has not appeared in said proceeding nor in the former action instituted by Louise Kelley against Kelley's Drug, Ltd.

The inquiry which immediately suggests itself is why petitioner should not in some appropriate manner bring to respondent's attention in the proceeding for a writ of mandate the objection to respondent's lack of jurisdiction which he here so zealously maintains. If, as he contends, respondent is wholly lacking in jurisdiction to proceed, why should he not apply for permission to intervene in that proceeding and present his complaint directly to respondent? It may not be presumed that permission to intervene will be denied. Certainly it is not to be presumed that a valid objection to respondent's lack of jurisdiction will be erroneously overruled. On the contrary, it must be presumed that the objection, *if valid,* will be sustained and thus the necessity for the issuance of a writ of prohibition will be obviated. (*Havemeyer* v. *Superior Court,* 84 Cal. 327, 403 [24 Pac. 121, 18 Am. St. Rep. 192, 10 L. R. A. 627].) It may be conceded that this court is not without power to issue the writ which is here sought although preliminary objection has not been made in the lower court, but as a matter of practice it should hesitate to do so because of the consideration due to respondent plus the laudable desire to prevent unnecessary litigation. (*McCarte* v. *Superior Court,* 94 Cal. App. 507, 510 [271 Pac. 512].)

However, if the application be considered without reference to the failure of petitioner to have presented to the respondent court his objection to its lack of jurisdiction, the writ must be denied. In the final analysis, it is apparent that petitioner's claim of an interest in the premises which he asserts will be taken from him without due process of law is based upon the fact that he is the assignee of Kelley's Drug, Ltd., for the benefit of creditors. As such assignee he acquired no greater right in the property than his assignor had at the time of assignment and can assert no claim

to property which the assignor might not assert. (*First Nat. Bank* v. *Menke*, 128 Cal. 103 [60 Pac. 675]; *Moore* v. *Schneider*, 196 Cal. 380 [238 Pac. 81].) The adjudication of the respondent court in the unlawful detainer action brought by Louise Kelley against petitioner's assignor that the plaintiff therein was entitled to recover possession of the premises was determinative of any claim to possession that petitioner might assert as assignee for the benefit of creditors of the defendant in said action. So far as appears, the assignment was entirely voluntary and petitioner may not successfully contend that he has any different or higher right in the property than his assignor had.

The alternative writ heretofore granted is therefore discharged and the prayer of the petition for a peremptory and absolute writ of prohibition is denied.

Barnard, P. J., and Marks, J., concurred.