[Civ. No. 13507.   Second Dist., Div. Two.   Mar. 17, 1942.]

NICOLAI N. RILCOFF, Petitioner, v. SUPERIOR COURT OF LOS ANGELES COUNTY, Respondent.

504

Harvey, Johnston & Baker and H. E. McCombie for Petitioner.

Barry Sullivan for Respondent.

MOORE, P. J.—Petitioner was granted an alternative writ of prohibition upon which a hearing was had. The question presented by the pleadings and the briefs is whether or not the respondent court has jurisdiction to order payments of alimony, costs and attorney fees in a separate maintenance action after the filing of an action for divorce of the same parties, involving no facts other than those which occurred prior to the institution of the divorce action.

Inasmuch as petitioner is defendant in two separate actions, in both of which his wife Mary is the plaintiff, we shall refer to them hereafter respectively as defendant and plaintiff.

On August 23, 1941, plaintiff filed her action for divorce in the Superior Court of Los Angeles County. On the 19th of September respondent court ordered defendant to pay plaintiff $75 monthly as alimony, $250 attorney fees and $25 costs. On the 29th day of September the case was transferred to the Superior Court of Kern County on the motion of defendant based upon his residence in that county. After the matter had been docketed the latter court modified the order theretofore made in the Los Angeles court by striking therefrom the monthly alimony payments. Following a hearing the general demurrer to the complaint was sustained. Plaintiff having failed to amend within the time allowed, after the lapse of three weeks, a judgment dismissing the action was entered. From such judgment plaintiff took her appeal and presented a bill of exceptions to the judge. The time for settling the bill was fixed for January 8th at which time the court ordered to be included certain documents consisting of parts of the record, which order was ignored by plaintiff's counsel.

Before filing her notice of appeal from the judgment in Kern County, plaintiff filed her action No. D-215178 for separate maintenance in the Superior Court of Los Angeles County on December 15, 1941. Her complaint stated no facts that had occurred subsequent to the date of the commencement of her action for divorce. From affidavits and the clerk's certificate before us it is clear that the action for separate maintenance involves no party or cause of action other than those contained in the action for divorce. At the time of filing her new action, she procured an order requiring defendant to show cause before respondent court on the 21st day of January why he should not be required to pay alimony, costs and attorney fees in that action. On that day the court made an order that defendant pay plaintiff $15 per week, $150 attorney fees and $15 costs. At the time of the hearing upon the order, the court had before it the affidavit of defendant setting forth the origin, pendency, transfer and appeal of the divorce action in Kern County. Respondent court declined to order the transfer for the reason that defendant had not made the payments ordered on the 21st day of January. On the contrary, the court announced that defendant was in contempt and ordered defendant's motion for change of venue to be dropped from the calendar until he should be purged. On the following day a writ of execution was issued

from respondent court to the sheriff of Kern County, directing that officer to levy upon defendant's salary in the hands of his employer. Such levy was made. Thereafter defendant was served with an order to show cause, in re contempt, requiring defendant to appear on a day certain to show cause why he should not be punished for disobeying the order of January 21st.

When the superior court of one county has once acquired jurisdiction of a cause of action, so long as it is there pending, a plea in abatement will lie in another court where an action between the same parties and the same subject matter is also pending. *Dungan* v. *Superior Court*, 149 Cal. 98 [84 Pac. 767, 117 Am. St. Rep. 119] ; *Lee* v. *Superior Court*, 191 Cal. 46 [214 Pac. 972] ; *Gorman* v. *Superior Court*, 23 Cal. App. (2d) 173 [72 Pac. (2d) 774] ; *Chase* v. *Superior Court*, 154 Cal. 789 [99 Pac. 355] ; *Karst* v. *Seller*, 45 Cal. App. 623 [188 Pac. 298] ; *Plum* v. *Forgay Lumber Co.*, 118 Cal. App. 76 [4 Pac. (2d) 804]. From this it follows that respondent court was divested of jurisdiction of all matters appertaining to the marital rights and obligations of plaintiff and defendant immediately upon the transfer of the divorce action to Kern County.

In the event the action now pending before respondent court should proceed by the application of all of the remedies available to plaintiff, defendant would be required to comply with the order of January 21st in addition to all of the things adjudged in the divorce action in Kern County. An order is pending in the latter court for the payment of costs and attorney fees. The order of January 21st was in the process of enforcement when our alternative writ issued. If the prosecution of the action now pending before the respondent court is proper, there is no reason why plaintiff cannot move into the several counties of the state and successively procure like orders from the superior courts of all the counties. Equity abhors a multiplicity of actions. It is the policy of the law to reduce to the minimum the number of actions which may subsist between the same parties. The legislature has made it impossible for a defendant in search of affirmative relief to go outside of the action pending against him already and institute other proceedings relating to or depending upon the transaction involved in the pending cause. He must in such case plead the facts for his affirmative relief. (Code Civ. Proc., secs. 439, 442.) If a defendant fail to set up his counterclaim,

neither he nor his assignee can thereafter maintain an action against the plaintiff.

Defendant has no adequate remedy at law to prevent the oppression to which he would be subjected unless respondent court be prohibited from enforcing the order of January 21st. Although he might appeal from the order directing the payment of the sums ordered, such appeal would require the execution of an undertaking in double the amount accruing during the pendency of the appeal. *Miller* v. *Superior Court,* 9 Cal. (2d) 733 [72 Pac. (2d) 868]. In addition thereto, plaintiff would be at liberty to show her dire poverty and to demand a supplemental order for attorney fees for prosecuting the appeal and for additional alimony during its pendency. *Bohnert* v. *Bohnert,* 91 Cal. 428 [27 Pac. 732]; *Coleman* v. *Coleman,* 23 Cal. App. 423 [138 Pac. 362].

An action is pending from the time of filing the complaint until its final determination on appeal. (*Ex parte Joutsen,* 154 Cal. 540 [98 Pac. 391].) **[4]** Where an action for divorce and also an action for separate maintenance are pending between the same parties, a plea in abatement or a writ of prohibition is a proper remedy. Code Civ. Proc., sec. 430; *Fresno Planing Mill Co.* v. *Manning,* 20 Cal. App. 766 [130 Pac. 196]. Also, see *Helpling* v. *Helpling,* 50 Cal. App. 676 [195 Pac. 715]; *Cardinale* v. *Cardinale,* 8 Cal. (2d) 762, 767 [68 Pac. (2d) 351]; *Greer* v. *Greer,* 142 Cal. 519 [77 Pac. 1106].

Let the peremptory writ issue as prayed.

Wood (W. J.), J., and McComb, J., concurred.