[Civ. No. 7429.   Third Dist.   Sept. 6, 1947.]

MARSHALL S. HANRAHAN, Petitioner, v. SUPERIOR
COURT OF MERCED COUNTY, Respondent.

Stanley Pedder and Kenneth Ferguson for Petitioner.

C. Ray Robinson and W. E. Craven for Respondent.

ADAMS, P. J.—On or about February 21, 1947, River Rock, Incorporated, filed an action in Merced County against petitioner, Marshall S. Hanrahan, seeking a judgment for goods sold and delivered and for rentals of equipment. Defendant sought and, on April 21st, was granted a change of venue to Santa Clara County, the place of his residence.

On April 22, 1947, plaintiff filed in the Merced Court a dismissal of said action without prejudice, and on April 23d filed a new action based upon the same grounds as the former one, but alleging, as the first had not, that the oral contract upon which the action was based was entered into in Merced County, and was to be performed there, and that the obligation to pay the sums sought was incurred there. Summons in said action was served upon defendant.

On May 18th, petitioner Hanrahan filed in this court a petition for an alternative writ of prohibition, seeking to prohibit the trial court from proceeding with the second action; and said writ was issued returnable before this court on June 23d. River Rock, Incorporated, made return to the writ alleging that a *copy* of the dismissal of the first action filed in Merced County was forwarded to the Santa Clara Court; also that the second action filed in Merced County differed from the first in the respects above stated. It alleged that petitioner had a plain, speedy and adequate remedy at law and that the proper course for him to pursue was to present his objections to the Merced County Court by way of motion to dismiss or motion for change of venue; that the Merced County Court had jurisdiction of the subject matter and the parties. It also filed notice of motion to quash the alternative writ of prohibition.

Upon the hearing on the return day, petitioner filed a certificate of the county clerk of Santa Clara County, dated June 17th, which certified that plaintiff's original action was regularly transferred to Santa Clara County, that the record was transmitted by the clerk of the Merced County Court to

the county clerk of Santa Clara County, at the instance of plaintiff, and that it was received, filed and docketed by the clerk of Santa Clara County on June 4th. He also certified that no dismissal of said action had ever been addressed to and filed with him as clerk of said court, though a purported dismissal of same filed in Merced County was among the records transmitted by the clerk of the Merced County Court; also, that defendant Hanrahan had, on June 5th, filed in the Santa Clara Court his answer to plaintiff's complaint, and a cross-complaint against River Rock, Incorporated. It is conceded by counsel for River Rock, Incorporated, that the action transferred to Santa Clara County is still pending there.

The immediate question which presents itself for our consideration is whether a writ of prohibition should issue under the facts of the case. We are satisfied that it should not, and that petitioner should have sought relief in the trial court.

It is well settled as a rule of practice, adopted by our courts and long followed, that an appellate court will not issue a writ of prohibition until objection to the action or anticipated action of a lower court has been made to and overruled by that court. There are exceptions to the rule, as, for instance, where lack of jurisdiction of the lower court is apparent upon the face of the record, or where that court has persisted in a course of action in such manner as to indicate that it would be useless to object, or where there was no opportunity to interpose an objection. The reason for this rule is stated to be the respect and consideration due to the lower courts, and the expediency of preventing unnecessary litigation. (See *Havemeyer* v. *Superior Court,* 84 Cal. 327, 406 [24 P. 121, 18 Am.St.Rep. 192, 10 L.R.A. 627]; *Macfarland* v. *Superior Court,* 3 Cal.App.2d 173, 176 [38 P.2d 800]; *Baughman* v. *Superior Court,* 72 Cal. 572, 576 [14 P. 207]; *Pacific Broadcasting Co.* v. *Superior Court,* 100 Cal.App. 649, 650 [280 P. 991]; *Grinbaum* v. *Superior Court,* 189 Cal. 741, 742 [209 P. 1005]; *McAneny* v. *Superior Court,* 150 Cal. 6, 10-11 [87 P. 1020]; *Baird* v. *Superior Court,* 204 Cal. 408, 415 [268 P. 640]; *Drew* v. *Superior Court,* 43 Cal.App. 651, 654-655 [185 P. 680]; *Yolo Water etc. Co.* v. *Superior Court,* 43 Cal.App. 332, 338 [185 P. 195]; *Burge* v. *Justice's Court,* 11 Cal.App. 213, 215 [104 P. 581].) As was said in *Pacific Broadcasting Co.* v. *Superior Court, supra,* quoting from *Havemeyer* v. *Superior Court, supra,* it is only fair to the trial court that the objections of petitioner be first made to that court and it

be given an opportunity to pass upon the question.　■　And it is presumed that any valid objection properly brought to the attention of that court will prevail, and all necessity for a writ of prohibition be obviated. (*Macfarland* v. *Superior Court, supra.*)

■　In the case before us petitioner admittedly has taken no steps to ·secure relief in the Merced County court, and there is nothing before us to suggest that if petitioner seeks relief there it will not be granted. He is not without a plain, speedy and adequate remedy in that court, for, as is now admitted, the action transferred to Santa Clara County is still pending there, and as that court acquired jurisdiction of the cause of action before the second action was filed in Merced County, petitioner is in a position to ask for an abatement of the second action on the ground of another action pending.

Also, respondent itself suggests that a motion to dismiss the second action will lie, citing *Yolo Water etc. Co.* v. *Superior Court, supra.*

■　It is well settled in California that the pendency of a prior action based upon the same cause, contested by the same parties and considered in the same jurisdiction, is ground for abatement of the second action. (1 Cal.Jur. 23, § 4; Code Civ. Proc., §§ 430, 433; *Fresno Planing Mill Co.* v. *Manning,* 20 Cal.App. 766, 769 [130 P. 196]; *Mears* v. *Jeffry,* 80 Cal.App.2d 610 [182 P.2d 294].) Petitioner, in support of his petition filed in this court, cites and relies upon *Rilcoff* v. *Superior Court,* 50 Cal.App.2d 503 [123 P.2d 540], as authority for his contention that prohibition is his proper remedy. There the court, citing many authorities, states at page 506 that ''When the superior court of one county has once acquired jurisdiction of a cause of action, so long as it is there pending, a plea in abatement will lie in another court where an action between the same parties and the same subject matter is also pending.'' While in that case the writ issued, it differs from the case before us in that the court in which the second action was filed, had proceeded therein, in the face of an affidavit made by defendant setting up the pendency of the action in another county, had declined to order a transfer of the second action, had found defendant in contempt for failure to obey an order made in the second action, and had issued an order to show cause *in re* contempt.

Under those circumstances the propriety of the issuance of a writ of prohibition was obvious; but no such circumstances appear here.

Petitioner also cites other cases as supporting the propriety of the issuance of a writ in similar cases. But in all of those cases it appeared that the court or tribunal against which the writ was sought was, over the opposition of petitioner, asserting jurisdiction, and actually performing acts in regard to the subject matter of the action or proceeding. In short, they were cases properly within the exception to the rule of practice hereinbefore stated.

Such is not the case here, for, from all that is alleged, petitioner has sought no relief in the Merced County court, and that court has done nothing in the action, nor has it threatened to do anything; and we cannot assume that, on proper application to it and a showing of the fact that the original action is pending in Santa Clara County, it will refuse to abate the second action pending before it. Under section 433 of the Code of Civil Procedure, petitioner can raise the issue of another action pending by answer to plaintiff's complaint, and under the provisions of section 597 of that code may have that issue first tried. He is not, therefore, without a plain, speedy and adequate remedy in that court. Had he so proceeded instead of filing his petition herein, it seems probable the matter would long since have been decided.

While not deciding as to the power of this court, in its discretion, to issue the writ of prohibition in this case, we deem it to be one in which the rule that application for relief should first be made in the trial court is particularly applicable. Respect and consideration for that court impels the conclusion that plaintiff's objections should first be presented there and denied, before a writ of prohibition should issue from this court.

The alternative writ is discharged and a peremptory writ is denied, without prejudice.

Peek, J., and Thompson, J., concurred.