[Civ. No. 6715. Fourth Dist. Jan. 30, 1962.]

JOE PADGETT, Plaintiff and Appellant, v. FRANCES PADGETT, Defendant and Respondent.

Bertram J. Brown for Plaintiff and Appellant.

James Edgar Hervey for Defendant and Respondent.

GRIFFIN, P. J.—Plaintiff-appellant brought this action against defendant-respondent, his former wife, to set aside an interlocutory and final decree of divorce and a property settlement agreement claimed to have been obtained by his wife through fraud. A demurrer to the second amended complaint was sustained without leave to amend. A judgment of dismissal followed.

On September 5, 1958, Frances Padgett brought an action for divorce against her husband, Joe Padgett, on the ground of extreme mental cruelty. A general property settlement agreement was prepared by the wife's attorney and the husband signed it. It provided, among other things, that the wife

was to have as her community property their home, a checking account in the sum of $1,700, etc., and the husband was to have a Chevrolet car, a savings account in the sum of $1,000, and that they would share and share alike in certain stocks and that the husband would pay $100 per month for his wife's support until further order of the court and $50 per month for support of the minor child, 8 years of age, whose custody was awarded to the mother. This agreement was to be made a part of the decree of divorce, if any was ever obtained. After service of the complaint in the divorce action, defendant defaulted and the interlocutory decree was thus entered on October 8, 1958.

It appears from the record that the husband in the divorce action, on December 9, 1958, sought to have the property settlement agreement which was incorporated in the decree and the order for payment of $100 per month to the wife set aside and declared void upon the grounds set forth in affidavits filed therewith. After a hearing upon an order to show cause, apparently based on Code of Civil Procedure, section 473, for fraud, a signed order was made denying the motion. There was no appeal from that order. On October 14, 1959, the wife secured a final decree of divorce.

On May 9, 1960, the husband, plaintiff here, filed this amended complaint in a separate action alleging fraud generally in that the wife told him she had consulted her doctor and he advised her that she was going through the change of life and she ought to separate from her husband; that the rules of propriety demanded that such a separation be formal and made legal by divorce; that she still loved him and that if the divorce was granted she would never obtain the final decree upon her application; that a reconciliation was inevitable and that long before the interlocutory decree expired a reconciliation would be effected and they would again be living together as man and wife; that she wanted assurance that her husband trusted her implicitly, and said that her mind would be at ease and her confidence complete if he would execute a property settlement agreement and not oppose the interlocutory judgment of divorce; that when the parties reconciled, the property settlement agreement would be cancelled and it was not her intention to hold him to the terms of the agreement, either before or subsequent to the anticipated reconciliation; that, as a result, he executed the property settlement agreement and refrained from opposing her action for divorce. He also alleged that if he had opposed her

action, the result of that lawsuit would unquestionably have been more favorable to him. He further alleged that she obtained the decree of divorce with no intention of reconciling in the future and that when he signed the property settlement agreement and permitted her to take his default, he understood that he would suffer no financial loss and would be deprived of none of his property. In a second cause of action, he asserted that the trial court was without jurisdiction to order him to pay alimony, since there was no prayer for such relief in her complaint. He then prayed for an order setting aside the property settlement agreement and for general relief in his *first* complaint.

Defendant interposed a general demurrer and a plea in abatement alleging generally another action pending (the divorce action); that plaintiff's remedy, if any, was in that action by a motion to set aside the decree or to modify its provisions in reference to the property settlement agreement incorporated into the decree; that plaintiff did file such a motion pursuant to Code of Civil Procedure, section 473, *supra,* upon the same grounds here pleaded, and the court denied the motion and there was no appeal taken from that order, and accordingly that judgment became res judicata. (Citing *Hanrahan* v. *Superior Court,* 81 Cal.App.2d 432 [184 P.2d 157]; Code Civ. Proc., § 430, subd. 3; 1 Cal.Jur.2d § 13, p. 39.)

The record before us is not too clear. In a pretrial order, dated September 11, 1959, it is stated that an answer was filed by defendant denying generally the allegations of the complaint as to fraud, and that the issues to be determined are whether the proceeding to set aside the decree and the order denying it in the divorce action was a bar to the present action; whether or not the property settlement agreement was valid; and whether or not it was obtained by fraud. It recited that the case was ready for trial.

At some stage of the proceedings, defendant moved for judgment on the pleadings and the court signed an order "sustaining" the motion "with leave granted to file an amended complaint . . ." Just how the court can grant a motion for judgment on the pleadings and then allow time to amend the complaint is not understandable. However, since the appeal is from the order dismissing the complaint or action, we will not inquire further.

Plaintiff husband then filed a second amended complaint alleging fraud in more particular terms and prayed that the court set aside the interlocutory and final judgments of divorce

as well as the property settlement agreement. (It should be noted in the first complaint the prayer for relief was only to set aside the property settlement agreement.) The motion under Code of Civil Procedure, section 473, *supra,* in the divorce action was to set aside the property settlement agreement and to declare void the provisions in the interlocutory decree requiring defendant to pay $100 per month for support of plaintiff and awarding custody of the child. We will confine our discussions to the merits of the court's ruling sustaining the demurrer to the second amended complaint without leave to amend.

We have heretofore set forth the allegations contained in plaintiff's second amended complaint. It should be here noted that plaintiff husband fully discussed the contemplated divorce with his wife and her attorney. It was agreed that one should be obtained under the conditions represented and that the wife could obtain it with the understanding that it was not to be actually effective but was, in effect, a mere sham and was filed for the purpose of defrauding the court into believing that the plaintiff wife did in fact have legitimate grounds for a divorce and that the bonds of matrimony were to be legitimately and in good faith severed, when in fact each knew, at the time of the signing of the property settlement agreement, that this was not true.

 This was an action for equitable relief. He who comes into court must do so with clean hands.

 "The 'clean hands' rule is of ancient origin and given broad application. It is the most important rule affecting the administration of justice. 'Equity denies affirmative relief for such conduct even though it thereby leaves undisturbed and in ostensible full legal effect acts or proceedings which would affirmatively be set aside but for such consideration.' " (*Katz* v. *Karlsson,* 84 Cal.App.2d 469, 474 [191 P.2d 541].)

(See also 30 C.J.S. § 93, pp. 476-477; 19 Am.Jur. § 476, p. 330.)

 If plaintiff husband and his wife chose to misrepresent the facts to the trial court in seeking assistance from a court of equity to set aside a judgment which would otherwise be valid, a party must allege facts which show he is free from any negligence or fault which contributed to or permitted the entry of the judgment he seeks to vacate. See Civil Code, sections 3515, 3517 and 3524. These rules, when applied to the facts in the case at bar, make it apparent that the trial court properly refused to permit appellant to prosecute his

action. In his second amended complaint, plaintiff unequivocally alleges that defendant stated to him that she did not want a divorce nor did she intend that a final decree of divorce should be entered; that he signed the property settlement agreement in the belief that he would not be bound by the terms thereof and that the parties would reconcile. While allegedly believing these representations, plaintiff allowed a complaint for divorce to be served upon him and made no appearance in the action. He permitted his wife to take his default, to appear in court without opposition. She there obtained an interlocutory judgment of divorce, an award of alimony and the approval of a property settlement agreement in the interlocutory decree. Furthermore, it is alleged by him that the result of a contested divorce would have been more favorable to him had he appeared in the action and that she would not legally have been entitled to such relief had all the facts been known.

*Ettlinger* v. *Ettlinger,* 46 Cal.App.2d 628 [116 P.2d 482], was a suit in equity to set aside a decree of divorce on the grounds that the property settlement agreement was contrary to good morals. A judgment of nonsuit was affirmed on the ground that where a decree is obtained through the collusion of the parties, or they are *in pari delicto,* a court of equity will deny relief. (See also *Taliaferro* v. *Taliaferro,* 171 Cal.App.2d 1, 7 [339 P.2d 594] ; *Wilson* v. *Wilson,* 55 Cal.App.2d 421, 427 [130 P.2d 782] ; *Godfrey* v. *Godfrey,* 30 Cal.App.2d 370, 379 [86 P.2d 357].)

*Bancroft* v. *Bancroft,* 178 Cal. 359, 364 [173 P. 579, L.R.A. 1918F 1029], was decided on facts quite similar to those in the instant action. It was there said that:

''There is a distinction to be drawn, however, between cases where the application for relief from a decree collusively obtained is made in the action itself and within the time prescribed by section 473 of the Code of Civil Procedure, or before the period passes within which the interlocutory decree may be assailed upon appeal, and cases where relief is sought in an independent action. For the period of six months the trial court has full control over the case and may grant relief within the action itself to either party; but after the expiration of that period, the rights of the parties have become fixed beyond the power of the court to grant relief under section 473 of the Code of Civil Procedure and also beyond remedy by appeal; and *the party who has allowed this period to expire without any effort to obtain relief within the action itself and who*

thereafter seeks the aid of another tribunal in an independent action should be required to make an affirmative showing of some equitable consideration or of some good reason sounding in public policy sufficient to justify the interference of equity with the crystallized status of the parties in the particular case. On the other hand, the authorities are numerous to the effect that in the absence of such equitable considerations or of any showing that the public interest or policy in preserving the marriage relation in the particular case would be subserved, the general rule will prevail in divorce as in other cases, and courts of equity will not interfere with judgments in such cases obtained solely through the collusive connivance of the parties to the proceeding.''

In the instant case, plaintiff here did make a motion under Code of Civil Procedure, section 473, *supra,* and it was denied. There was no appeal from that order.

We conclude that the trial court was authorized to sustain the demurrer without leave to amend without further consideration of the claim of res judicata or whether or not the complaint showed extrinsic fraud.

It is also claimed that the court lacked jurisdiction in the divorce action to specifically order the husband to pay alimony to the wife because the complaint did not contain a specific prayer for alimony. It did contain a prayer that the property settlement agreement signed by the parties be approved and that ''both parties be ordered to carry out the terms and provisions thereof.'' The trial court had jurisdiction to order the parties to perform specific portions of the property settlement agreement. (*Miller* v. *Superior Court,* 9 Cal.2d 733, 740 [72 P.2d 868] ; *Cohen* v. *Cohen,* 150 Cal. 99 [88 P. 267, 11 Ann.Cas. 520].)

Judgment affirmed.

Shepard, J., and Coughlin, J., concurred.