[Civ. No. 7139. Fourth Dist. Dec. 28, 1962.]

MARIA R. HOWELL, Petitioner, v. THE SUPERIOR COURT OF SAN BERNARDINO COUNTY, Respondent; LLOYD E. HOWELL, Real Party in Interest.

Robert B. Smith and Thomas P. Burke for Petitioner.

No appearance for Respondent.

Eckhardt & Kearney for Real Party in Interest.

GRIFFIN, P. J.—Petitioner Maria Howell filed this petition for writ of prohibition to restrain further proceedings in a divorce action now pending in respondent court. The basis for the petition is the contention that the superior court has no jurisdiction to proceed because of a prior pending action between the same parties involving the same cause before the Superior Court of Los Angeles County.

Two actions are pending between petitioner and her husband: The first in time, a separate maintenance action, was filed by petitioner in Los Angeles on July 13, 1960. The husband (respondent herein) was served in that action in July 1960. Thereafter, the husband filed a divorce action in San Bernardino County on August 28, 1961. Petitioner (defendant in the San Bernardino action) was served in that action on September 1, 1961. After that time, petitioner filed an amended complaint for separate maintenance in the Los Angeles action on September 13, 1961, and the husband was personally served with the amended complaint on September 14, 1961, and he filed an answer to the complaint on July 24, 1962.

In the interim, on October 3, 1961, a hearing was held in the Los Angeles Superior Court re attorney's fees, costs, alimony, pendente lite support and custody of the children. The court entered an order restraining the petitioner from disposing of the community property, awarding the wife the use of an automobile and ordering the husband to pay $25 per week for the support of the minor child of the parties and $15 per week for the support of petitioner. The husband was ordered to pay petitioner's attorney $200 plus $30 costs, payable at the rate of $30 per month. The husband appeared at the hearing preceding the issuance of this order. Apparently, he was also represented by Attorney Thomas Eckhardt at said hearing. Thereafter, the husband caused the petitioner's default to be

entered in the San Bernardino divorce action and an interlocutory judgment of divorce was entered by the San Bernardino court on January 4, 1962. Later the petitioner made a motion, under Code of Civil Procedure, section 473, to set aside the interlocutory judgment and the judgment was set aside.

The petition does not indicate that petitioner sought any other affirmative relief in the San Bernardino action. The petition does not indicate that petitioner has requested the San Bernardino court to stay its proceedings in reference to the action pending in Los Angeles County. Attached to petitioner's petition is an exhibit (Exhibit A) indicating that there may have been a motion to transfer the San Bernardino action to Los Angeles County for consolidation with the Los Angeles case on July 16, 1962, and that this motion went off calendar by agreement of the parties.

Apparently, the husband has contended that after the filing of the first complaint for separate maintenance in Los Angeles, he and the petitioner reconciled and that this rendered the Los Angeles action nugatory.

In *Loftis* v. *Superior Court*, 205 Cal.App.2d 148, 149 [23 Cal.Rptr. 125] this court stated: "It is well established 'that when two or more courts in this state have concurrent jurisdiction, the court first assuming jurisdiction retains it to the exclusion of all other courts in which the action might have been initiated.' "

In *Rilcoff* v. *Superior Court*, 50 Cal.App.2d 503 [123 P.2d 540], the first action was for divorce and the second, in another county, was for separate maintenance. The court issued a peremptory writ of prohibition restraining the Los Angeles Superior Court from proceeding with the separate maintenance action. The established procedure in these cases is to apply for relief to the second court, requesting that court to yield to the prior jurisdiction of the first court. In *Hanrahan* v. *Superior Court*, 81 Cal.App.2d 432, 435 [184 P.2d 157], a petition for writ of prohibition to stop the second action was denied on the ground that petitioner had failed to seek his remedy by an application to the second court. In the case of *San Martin* v. *Superior Court*, 169 Cal.App.2d 14 [336 P.2d 618], a reviewing court refused to prohibit the second court from proceeding, mainly on the ground that petitioner sought and obtained some relief from the second court and was therefore estopped to challenge its jurisdiction.

This petition does not present a clear picture of what has occurred in the San Bernardino case. The fact of reconcili-

ation, if proved, might be a defense to the first cause of action for separate maintenance, but it would not affect the jurisdiction of the Los Angeles court to decide that point. Once jurisdiction has attached and service is obtained, it would seem that the Los Angeles court would have priority unless the action therein was entirely abandoned or the parties appeared therein and the court made a determination that a complete reconciliation had been effected. This does not seem to have occurred, since both the wife and the husband appeared in the Los Angeles action and presented evidence regarding child support, custody, alimony and attorney's fees, and that court entered an order with regard to these matters.

This court is not the proper forum and will not engage itself in determining the question of reconciliation. On the argument of this case in this court, an endeavor was made to have the parties reach some agreement as to what court should hear both cases and the issues involved. No agreement was reached. Since the record is devoid of any evidence of any effort to first seek a remedy in the lower courts or to apply to the Superior Court of San Bernardino County to yield to the prior jurisdiction of the Los Angeles court, the writ should be denied. (*Hanrahan* v. *Superior Court, supra,* 81 Cal.App.2d 432.)

Order staying further proceedings dissolved. Writ denied.

Shepard, J., and Coughlin, J., concurred.