## CREAGER v. CREAGER.

*Divorce—Provisions relating to commencement of civil actions, inapplicable—Sections 11279 and 11231, General Code— Conflict of jurisdiction—Priority of actual service of summons determinative of full jurisdiction—Court entering valid divorce decree may award custody of children.*

1. Section 11279, General Code, relating to the commencement of civil actions, does not apply to actions for divorce.

2. Where a question of conflict of jurisdiction arises, the court otherwise having jurisdiction would obtain precedence by priority of actual service of the summons upon necessary parties, and by priority of the decree of divorce based on such service.

3. Where a court having jurisdiction enters a valid decree of divorce, the same court also has jurisdiction to make an order fixing the custody of the minor child or children of the parties divorced.

(Decided May 29, 1926.)

ERROR: Court of Appeals for Darke county.

*Mr. Earl D. Bloom,* for plaintiff in error.
*Mr. Marion Murphy,* for defendant in error.

BY THE COURT. This case presents a question of conflict of jurisdiction. Kendall G. Creager, on January 12, 1926, brought suit in the court of common pleas of Darke county for divorce and the custody of his minor son. The plaintiff was a resident of Darke county, Ohio, and his minor son at that time resided with him in Darke county. The defendant below, Ruth Creager, had acquired

a residence in Lucas county, Ohio. There was some difficulty about the custody of the child, but on January 6, 1926, Ruth Creager commenced an action in the court of common pleas of Lucas county for divorce, alimony, and the custody of the child. Summons was issued on the day the petition was filed, but was not served until the 15th day of January, 1926. In the meantime summons was issued in the Darke county case and served on the defendant, Ruth Creager, on January 13, 1926.

Immediately upon the expiration of six weeks from the date of service the Darke county case was heard, a divorce was granted, and the custody of the child was awarded to plaintiff. In the defendant's answer in the Darke county case she pleaded pendency of the Lucas county case as a bar to the proceedings in the Darke county case. This plea was overruled by the trial court, and a decree of divorce, including custody of the child, entered in favor of plaintiff. Subsequently the Lucas county court of common pleas proceeded to the hearing of its case, and entered a decree in favor of the plaintiff there for divorce, alimony, and the custody of the child. The defendant in the Darke county case prosecutes error in this court.

Counsel for plaintiff in error relies upon Section 11279, General Code, Code of Civil Procedure, which provides: "A civil action must be commenced by filing in the office of the clerk of the proper court a petition, and causing a summons to be issued thereon;" and upon Section 11231, which reads: "Within the meaning of this chapter,

an attempt to commence an action shall be deemed to be equivalent to its commencement, when the party diligently endeavors to procure a service, if such attempt be followed by service within sixty days.''

These sections, however, are limited to civil actions, and do not by their terms apply to a case for divorce, alimony, and the custody of children. The statutes above referred to have been extended to error proceedings upon the theory that they are referred to in the error chapter. We find no reference in the chapter relating to divorce, alimony, and custody of children which in any way adopts or refers to the Civil Code sections as to service. Consequently, the actions here are not governed by the sections above quoted. Under the general rule of *lis pendens* actual service is recognized as the test for the acquirement of jurisdiction, and that would be especially true in actions for divorce, in view of Section 11983, General Code, which fixes the date of actual service as the date from which to determine the time of trial. The conflict of jurisdiction in divorce cases has been a vexed question upon which courts of common pleas have differed.

In an early case in the court of common pleas of Hamilton county, *In re Talbot,* 9 W. L. B., 271, 8 Dec. Rep., 744, the court of common pleas applied the statutes in reference to the commencement of civil actions. In a later case in Hamilton county, *McEntee* v. *McEntee,* 9 O. L. R., 86, 56 W. L. B., 212, a contrary view was taken. We have the question of the conflict of jurisdiction squarely presented in this case.

Upon full consideration, we are of opinion that the court of common pleas of Darke county, by the prior service of summons, obtained full jurisdiction of the action for divorce and custody of the child, and that such court was not bound to yield jurisdiction to the court of common pleas of Lucas county upon the subject-matter involved in the Darke county case. The custody of children is an incident of the divorce case, and when a decree of divorce is rendered the court having jurisdiction of the divorce has authority, incidental to the statutory action of divorce, to award the custody of the children. *Marleau* v. *Marleau,* 95 Ohio St., 162, 166, 115 N. E., 1009.

We are therefore of opinion that the judgment of the court of common pleas must be affirmed.

*Judgment affirmed.*

ALLREAD, FERNEDING and KUNKLE, JJ., concur.