**MOHN, Plaintiff, v. MOHN, Defendant.**

Common Pleas Court, Tuscarawas County.

No. 26256.   Decided July 10, 1945.*

Paul F. Reed, Uhrichsville, for plaintiff.
P. J. Ballard, Akron, for defendant.

**OPINION**

By LAMNECK, J.

The plaintiff in this case filed his petition for divorce in this Court against the defendant on June 23, 1942, alleging extreme cruelty.

At the trial of the cause it developed that the defendant had filed a suit for alimony against the plaintiff in the Court of Common Pleas of Summit County, Ohio, prior to the filing of the petition in this case with prior service. alleging desertion, and that case is still undisposed of..

In the answer of the defendant in this case she denies

*Footnote:—No appeal taken.

the allegations of the petition, sets up the alimony case in Summit County, and asks that the petition of the husband be dismissed.

The plaintiff was discharged from the military forces of the United States in May of this year. A child was born to the parties in October, 1942, and the plaintiff has been paying alimony to the defendant in the Summit County case under a temporary order dated May 28, 1942.

The question that confronts the Court in this case is whether or not there is a conflict of jurisdiction between the Court of Common Pleas of Summit County, Ohio, and this Court.

It is a fundamental rule that as between courts of concurrent and coextensive jurisdiction the one whose power is first invoked by the institution of proper proceedings and the service of the required process acquires the right to adjudicate upon the whole issue and to settle the rights of the parties to the exclusion of all other tribunals. This rule applies to divorce and alimony cases, and the court that first acquires service has exclusive jurisdiction. (**Creager v Creager, 22 Oh Ap 261,** 154 N. E. 316; **Miller v Court, 143 Oh St 68.**)

In the case of **Fessenden v Fessenden, 28 O. L. R. 408,** it was held that where a judgment for alimony payable in continuing installments has been granted in favor of a wife by the Common Pleas Court of one county, the Court of Common Pleas of another county did not have jurisdiction thereafter to entertain an action by the husband for a divorce.

In Harding v Harding, 198 U. S. 317, 25 Sup. Ct. 679, 49 L. Ed. 1066, the Court found that where a wife secured an order for support and maintenance based on the charges of cruelty and adultery in one state, it was a bar to a suit for divorce by the husband in another state on the ground of desertion.

In Vickers v Vickers, 95 W. Va. 323, 122 S. E. 279, 41 A. L. R. 266, the Court ruled that a final decree for a wife in an action for maintenance on the ground of cruelty was a bar to subsequent suit for divorce by the husband on charges of cruelty and desertion.

In **Picker v Picker, 46 Oh Ap 82,** 187 N. E. 749, it was held that where a wife has secured a judgment for alimony in one county on the ground of ill-treatment by the husband, such judgment was a bar to husband's subsequent action for divorce based on extreme cruelty and neglect of duty committed before the decision in the alimony case.

Under §11987 GC, the Court is required when a divorce is granted "to make such order for the disposition, care and maintenance of the children, if any, as is just." The Court

should make all necessary orders for the support and care of minor children of the parties when a divorce is granted whether such question is presented in the pleadings or not (**Bower v Bower, 90 Oh St 172, 106 N. E. 969.**)

Under §11998 GC, the Court where alimony is granted the wife is required "to make such order for the disposition, care and maintenance of the children of such marriage, if any, as is just."

It is quite clear that the Court of Common Pleas of Summit County and this Court cannot both make a future order as to the custody, care and maintenance of the child of the parties. In so far as the child is concerned, there is a conflict of jurisdiction between the two courts. Under the rule laid down in **Creager v Creager, 22 Oh Ap 261,** 154 N. E. 316, supra, the Court of Common Pleas of Summit County has prior jurisdiction on that question in the alimony case pending in that court.

This Court can see no reason why a suit pending for alimony by a wife, which if well taken would necessarily involve a finding that she was free from fault, should not be a bar to a subsequent action for divorce brought by the husband while the alimony suit is pending. If the alimony suit is heard and a finding made in favor of the wife, and the divorce suit is heard and a judgment rendered the husband, we have one court finding that the wife is without fault and the husband to blame while another court finds the wife the aggressor. Such a situation if allowed would make a fallacy of divorce and alimony jurisdiction.

This Court feels that the Common Pleas Court of Summit County in the alimony suit has obtained prior jurisdiction over the parties and is the forum in which to adjudicate the whole issue that might be raised and settle the rights of the parties.

Under §11997 GC, it is specifically provided that "when a wife files her petition for divorce or alimony, the husband may file a cross-petition for divorce." If the husband wishes to apply for divorce he should file his cross-petition in the court where the alimony suit is pending. Resident requirements do not apply to a cross-petition for divorce and a husband may file a cross-petition for divorce in the court in which his wife has filed an alimony suit even though he is a nonresident of the state (Ferguson v Ferguson, 11 O. N. P. (N. S.) 679).

It will therefore be held that this case be dismissed for lack of jurisdiction.