[Civ. No. 26117.   Second Dist., Div. Three.   May 29, 1962.]

ORVILLE A. FIGGS, Petitioner, v. THE SUPERIOR COURT OF LOS ANGELES COUNTY, Respondent; PONDEROSA SKY RANCH, Real Party in Interest.

Floyd H. King for Petitioner.

Harold W. Kennedy, County Counsel, and Donald K. Byrne, Deputy County Counsel, for Respondent.

Moidel, Moidel, Moidel & Smith Associates and Leonard Smith for Real Party in Interest.

FILES, J.—Petitioner Orville A. Figgs has petitioned for a writ of prohibition to stay further proceedings in the superior court in the case of *Ponderosa Sky Ranch v. Orville A. Figgs, Okay Improvement Corporation,* and others. That is the case in which we have today affirmed an order denying a motion made by Okay Improvement Corporation for change of venue to Tehama County. The writ of prohibition is sought upon the ground that there is pending in the Superior Court of Tehama County another action between the same parties involving the same subject matter.

The pertinent facts, as set forth in the petition and the return, are as follows:

On October 10, 1960, Ponderosa Sky Ranch filed an action in the Los Angeles Superior Court against Okay Improvement Corporation. On October 18, 1960, defendant Okay appeared in the action. On April 3, 1961, Figgs was for the first time made a party to that action by the filing of a second amended complaint. That action is for declaratory relief on a contract, and involves a demand that title and possession of Tehama County land be restored to plaintiff. On May 5, 1961, Figgs filed in the Superior Court for Tehama County a quiet title action against Ponderosa Sky Ranch relating to the same real property. Service of process in the Tehama action was made upon Ponderosa on May 20, 1961. On November 6, 1961, Figgs was first served with process in the Los Angeles action. On December 18, 1961, Figgs made a motion in the Los Angeles Superior Court to abate the action pending there on the ground that the Tehama County action had priority and that the Los Angeles Superior Court had no jurisdiction to proceed, under the authority of *Myers v. Superior Court,* 75 Cal.App.2d 925 [172 P.2d 84].

When actions are pending in two different superior courts involving the same parties and the same subject matter, priority attaches when a court first assumes jurisdiction through the service of process on a defendant. (*Cade* v. *Superior Court*, 191 Cal.App.2d 554 [12 Cal.Rptr. 847]; *Gorman* v. *Superior Court*, 23 Cal.App.2d 173 [72 P.2d 774].)

It here appears that the respondent Superior Court of Los Angeles acquired jurisdiction of the controversy not later than October 18, 1960, through the service of process or through the voluntary appearance of the defendant, Okay Improvement Corporation, which is the equivalent of personal service. (Code Civ. Proc., § 416.) This was long before the commencement of the quiet title action in Tehama County.

Figgs argues that the Los Angeles court did not obtain priority as to him in October 1960 because he did not become a party to the Los Angeles action until April 1961. However, priority is based upon jurisdiction over the controversy, not merely jurisdiction over the individual who has been served. In both the *Cade* and *Gorman* cases it appears that priority attached when summons was first served on one defendant, even though other defendants had not been served. Furthermore, as the court pointed out in the *Gorman* case, the court "acquired jurisdiction over the whole litigation with full power to bring in all necessary parties and make a complete adjudication of the entire controversy through the fact that process of that court was first served." (23 Cal.App.2d at p. 177.) The purpose of the rule is to avoid the duplication and confusion of multiple actions. If, as Figgs contends, priority did not apply to the whole controversy, and new priorities could be acquired party by party, the result would be chaos.

There is nothing in the record before us to indicate that the new pleading by which Figgs was brought into its Los Angeles action was not a proper enlargement of that action.

The petition for a writ of prohibition is denied.

Shinn, P. J., and Ford, J., concurred.