[Civ. No. 27892. Second Dist., Div. Three. Mar. 3, 1964.]

FRED MUNGIA, Petitioner, v. THE SUPERIOR COURT OF LOS ANGELES COUNTY, Respondent; LILLIAN A. MUNGIA, Real Party in Interest.

Edwin W. Wilson for Petitioner.

No appearance for Respondent.

William T. Brandlin for Real Party in Interest.

FILES, J.—Petitioner seeks a writ of prohibition to stop further proceedings in a separate maintenance action now pending in Los Angeles County upon the ground that the divorce action filed by petitioner in Kern County is entitled to priority.

On October 18, 1963, real party in interest (who will be referred to as Lillian) filed in the Superior Court of Los Angeles County a complaint for separate maintenance against petitioner (who will be referred to as Fred).

On October 24, 1963, Fred filed an action for divorce against Lillian in Kern County. Summons and complaint in the Kern County action were served upon Lillian on the same day.

On October 31, 1963, summons and complaint in the Los Angeles action were served upon Fred. He thereupon filed a demurrer upon the ground that there is another action pending between the same parties for the same cause, invoking Code of Civil Procedure, section 430, subdivision 3. The demurrer was accompanied by an affidavit stating that the divorce action had been filed in Kern County and that summons had been served on October 24. This demurrer was overruled on November 15, 1963.

It also appears that on October 18, 1963, in the Los Angeles action the court issued an order to show cause giving notice of a hearing to be held on November 20, 1963, regarding suit money, temporary support and child custody. It is

admitted that the Los Angeles Superior Court will proceed to exercise its jurisdiction in the separate maintenance action unless restrained from doing so.

 The ground of demurrer set forth in subdivision 3 of section 430 of the Code of Civil Procedure is ''That there is another action pending between the same parties for the same cause.'' Taken literally, this ground of demurrer is not applicable here. Fred's cause of action is not Lillian's cause of action.

 Notwithstanding the lack of an applicable statute, the case law provides a remedy. It is now well established that where two tribunals of this state have concurrent jurisdiction over the same parties and subject matter, the tribunal which first acquires jurisdiction of the parties is entitled to retain it exclusively. The other must respect the priority of the first and must desist from further proceedings so long as the matter is pending before the first. In applying this rule it is the tribunal where process is served first which has priority, regardless of which action was filed first. If the other refuses to abate its proceedings on demand, the remedy is by writ of prohibition. (*Figgs* v. *Superior Court*, 204 Cal.App.2d 231 [22 Cal.Rptr. 199] ; *Apartments, Inc.* v. *Trott*, 172 Cal.App.2d 7, 14 [342 P.2d 32] ; *M. H. Golden etc. Co.* v. *Superior Court*, 98 Cal.App.2d 811 [221 P.2d 218]. See *Cade* v. *Superior Court*, 191 Cal.App.2d 554 [12 Cal.Rptr. 847] ; *Gorman* v. *Superior Court*, 23 Cal.App.2d 173 [72 P.2d 774] ; *DeBrincat* v. *Mogan*, 1 Cal.App.2d 7 [36 P.2d 245]. Cf. *Scott* v. *Industrial Acc. Com.*, 46 Cal.2d 76 [293 P.2d 18].)

 In the present case the showing made in connection with Fred's demurrer demonstrated that the Kern County action was entitled to priority, and that Fred objected to further proceedings in Los Angeles. It was and is, therefore, the duty of the Los Angeles court to desist. The critical facts—that the Kern County action is one for divorce between the same parties and that process was first served in the Kern action—have never been in dispute.

 There is no reason to doubt that an action for divorce and an action for separate maintenance between the same parties involve the same subject matter, within the meaning of the above stated rule. (Cf. *Rilcoff* v. *Superior Court*, 50 Cal.App.2d 503 [123 P.2d 540].) It would be absurd to permit these parties to carry on the two actions between them in different counties.

Lillian argues that the authorities cited above for the rule

of priority are inapplicable here because they all involve actions in personam, while a divorce action is in part an action in rem. Her theory is that where the jurisdiction is in rem, jurisdiction attaches when the complaint is filed.

Preliminarily, we may note and pass by Lillian's unstated assumption that an action for separate maintenance is, like a divorce case, an action in rem (see 1 Witkin, Cal. Procedure, Jurisdiction, § 110, p. 375), because in our view the fact that matrimonial litigation has some of the characteristics of an action in rem should not be determinative here.

The California cases cited for the rule giving priority to the court whose process is served first recognize that both courts have jurisdiction over the subject matter. Each attains jurisdiction over the person by the service of process. The issue in a situation of this kind is not which court has jurisdiction, but which shall have priority. These decisions rely in part upon the provisions of Code of Civil Procedure, section 416, which provides, ''From the time of the service of the summons and of a copy of the complaint in a civil action, or of the completion of the publication when service by publication is ordered, the court is deemed to have acquired jurisdiction of the parties and to have control of all subsequent proceedings.''

The theory of the cases is that the first court to acquire jurisdiction over the person of a defendant should have priority. Nothing in section 416 nor in the reasoning of the cases cited above lends support to the theory that in a rem case priority should attach when the complaint is filed.

 In some cases ''in rem'' jurisdiction is based upon the court's control over a ''res,'' rather than control over the defendant as a person. A court may exercise ''in rem'' jurisdiction by seizing the property which is the subject of the action, or, in some cases, may attain control over the res by serving process upon a person who stands in a particular relationship to the res. (See *A. J. Averill* v. *The Steamer Hartford*, 2 Cal. 308; *Standard Dredging Co.* v. *Title Ins. etc. Co.*, 96 Cal.App. 93 [273 P. 871].)

 A divorce action is said to be ''in rem'' to the extent that it establishes the matrimonial status of the parties. (*Estate of Lee*, 200 Cal. 310, 314 [253 P. 145].) The res which is the subject of adjudication is an intangible. Jurisdiction is exercised not by taking custody of a tangible article, but by serving process (in person or by publication) upon the other spouse.

Thus the steps contemplated by Code of Civil Procedure, section 416, for acquiring control of the subsequent proceedings are quite as applicable to a divorce action as to any action in personam.

Lillian's counsel cites *Wells* v. *Montcalm Circuit Judge*, 141 Mich. 58 [104 N.W. 318, 113 Am.St.Rep. 520] and *Matlock* v. *Matlock*, 87 Ore. 307 [170 P. 528], which declare the rule in their respective states to be that when one court assumes jurisdiction over a subject matter, no other court of coordinate authority may assume jurisdiction over the same subject matter so long as the first action is pending. Under this rule the court where the first action is filed, not the court whose process is served first, has priority. This is one way of dealing with the problem, but it is not the solution which the California courts have adopted.

Other jurisdictions which follow the rule that priority is attained through the first service of process have applied that rule to matrimonial actions. (*State* ex rel. *Davis* v. *Ellison*, 276 Mo. 642 [208 S.W. 439]; *Creager* v. *Creager*, 22 Ohio App. 261 [154 N.E. 316].)

In her answer to the petition for a writ of prohibition Lillian alleges that at all times since the marriage Fred has been a resident of Los Angeles County, never of Kern County. That is an immaterial matter in this proceeding. ▇ Fred's complaint for divorce, filed in Kern County, alleges that he has resided in the County of Kern for more than three months next preceding the commencement of the action. Whether or not this allegation is true is an issue of fact to be determined when the action is tried on its merits. Residence in the county, although required by Civil Code, section 128, as a prerequisite to the granting of the divorce, is not essential to give the court jurisdiction. (*De Young* v. *De Young*, 27 Cal.2d 521, 526 [165 P.2d 457].)

▇ This is not the occasion to consider whether Kern County is the proper place of trial. If Lillian has any legal cause for objecting to a trial in Kern County, this is a matter to be presented to the Superior Court of Kern County by a motion for change of venue under Code of Civil Procedure, section 396b.

Let a peremptory writ issue prohibiting any further proceedings in the Los Angeles County action so long as the Kern County action is pending.

Shinn, P. J., and Ford, J., concurred.