[No. B062448. Second Dist., Div. Four. Sept. 29, 1992.]

In re the Marriage of ALMA R. and WILLIAM ZIERENBERG.
ALMA R. ZIERENBERG, Respondent, v.
WILLIAM ZIERENBERG, Appellant.

**COUNSEL**

Liza F. Bercovici for Appellant.

Starre & Cohn, Shelley L. Albaum and Harold J. Cohn for Respondent.

## Opinion

**EPSTEIN, J.**—William Zierenberg appeals from the denial of his motion to vacate a judgment of dissolution and order awarding custody of his two minor children to their mother, respondent Alma Zierenberg. ▮ We find that under the Uniform Child Custody Jurisdiction Act (UCCJA) and the federal Parental Kidnapping Prevention Act (PKPA), the California court was without jurisdiction to render the custody orders, which therefore must be vacated. We vacate the judgment of dissolution.

### Factual and Procedural Summary

The parties were married in Puerto Rico in December of 1979. They had two children, born in Puerto Rico on May 21, 1981, and September 23, 1986. The family lived in Puerto Rico until some time in 1989, when Alma Zierenberg and the children moved to California. Both William Zierenberg and Alma Zierenberg then filed proceedings for dissolution and custody, the former in Puerto Rico, and the latter in California.

### *The Puerto Rico Action*

William Zierenberg filed his action in the Puerto Rico Superior Court on February 9, 1990. He alleged that the children had moved to California on September 3, 1989.

In response to this action, Alma Zierenberg contacted an attorney in Puerto Rico. That attorney filed an answer and other pleadings in the Puerto Rico proceedings and made appearances there on her behalf.

On April 23, 1990, the Puerto Rico court issued an order which, among other things, directed Alma Zierenberg to return the children to the custody of William Zierenberg once their school term was over. The order also scheduled a hearing on custody for June 21, 1990. Alma Zierenberg did not personally appear on that date, but she was represented by her attorney, who informed the court that she was due to arrive in Puerto Rico on June 23. The court ordered Alma Zierenberg to deliver the children to their father for the period from June 23 until July 5, 1990, the date of the next scheduled court hearing. On June 26, upon learning that the order had not been complied with, the court issued a warrant for Alma Zierenberg's arrest. The warrant was never executed.

The Puerto Rico court conducted an evidentiary hearing on the merits on July 3 and 10, 1990, and made its final order on July 10, 1990, which it

reduced to writing on January 4, 1991. The order granted the divorce and awarded custody of the children to William Zierenberg.

*The California Action*

On June 29, 1990, Alma Zierenberg filed a petition for dissolution and other relief in the Los Angeles Superior Court. In it, she sought an order to show cause, ex parte custody orders, and a temporary restraining order. She alleged that she and the children had resided in California since August of 1989. She disclosed the pending Puerto Rico action both in her declaration in support of the application for custody orders and her form Declaration Under Uniform Child Custody Jurisdiction Act.

On the form declaration, Alma Zierenberg answered "yes" to question 3, "Have you participated as a party or a witness or in some other capacity in another litigation or custody proceeding, in California or elsewhere, concerning custody of a child subject to this proceeding?" In answer to 3(c), "Court," she supplied the address of the Puerto Rico court and a case number. Next to 3(d), "Court order or judgment" on the form, she responded "Unknown—See attached Declaration, believed to have issued Orders 4/2/90 and 6/26/90."

Alma Zierenberg's California attorney filed a declaration with the petition for dissolution, in which he stated that he had notified Victor Pico, the lawyer representing William Zierenberg in the Puerto Rico action, of the custody application. He declared that the notification was by telephone on June 28, 1990. The declaration indicated that Mr. Pico's response was that the Puerto Rico court already had issued an order awarding custody to Mr. Zierenberg, and that Mr. Pico had faxed a copy of the Spanish-language Puerto Rico arrest warrant to the California attorney. The warrant was attached to the declaration and filed with the court.

On June 29, 1990, the California court issued a temporary restraining order forbidding removal of the children from California. Additional orders awarding custody to Alma Zierenberg were entered on September 4, 1990, after a hearing at which William Zierenberg did not appear either personally or by counsel. Alma Zierenberg filed a request to enter default on September 28, 1990. On January 29, 1991, the court entered an order dissolving the marriage as of February 8, 1991, and awarding custody of the children to Alma Zierenberg.

## *The Motion to Vacate*

William Zierenberg moved to vacate the California orders, challenging the California court's subject matter jurisdiction to enter the custody order and personal jurisdiction for the dissolution order.

On the issue of custody, the trial court ruled that it had subject matter jurisdiction under the UCCJA "home state" test because the children had resided in this state for six months before the proceedings here were initiated. The court expressed doubt whether the UCCJA applied to Puerto Rico, since Puerto Rico had not adopted the uniform act.

The court found that it had personal jurisdiction to issue the order of dissolution.[1]

### DISCUSSION

### I

 "The exclusive method of determining subject matter jurisdiction in custody cases in California is the Uniform Child Custody Jurisdiction Act," enacted in California in Civil Code[2] sections 5150-5174. (*In re Marriage of Hopson* (1980) 110 Cal.App.3d 884, 891 [168 Cal.Rptr. 345].) On review of a custody determination under the UCCJA, we are not bound by a trial court's findings, but may independently reweigh the jurisdictional facts. (*Adoption of Zachariah K.* (1992) 6 Cal.App.4th 1025, 1034 [8 Cal.Rptr.2d 423].)

 The PKPA (28 U.S.C. § 1738A) was enacted by Congress to provide nationwide enforcement of custody orders made in accordance with the UCCJA. (*Thompson* v. *Thompson* (1988) 484 U.S. 174, 182 [98 L.Ed.2d 512, 521-522, 108 S.Ct. 513].) It preempts California law on the issue of jurisdiction to render a valid custody decree. (*People* v. *Superior Court* (*Smolin*) (1986) 41 Cal.3d 758, 770 [225 Cal.Rptr. 438, 716 P.2d 991], revd. on other grounds in *California* v. *Superior Court* (1987) 482 U.S. 400 [96 L.Ed.2d 332, 107 S.Ct. 2433].)

Although the provisions of the UCCJA and the PKPA are not identical in every aspect, they are in harmony as they apply to this case. Both require the

---

[1]The January 29, 1991, judgment also ordered William Zierenberg to pay child support. Later, the parties agreed that the court lacked personal jurisdiction for that order, which was then vacated.

[2]All further statutory references are to the Civil Code unless otherwise indicated.

California court to recognize, enforce, and refrain from modifying the Puerto Rico orders.

Under the UCCJA, a California court "shall recognize and enforce" the custody decree of a court of another state[3] if the court of the other state assumed jurisdiction under statutory provisions substantially in accordance with the UCCJA. (§ 5162.) "If a court of another state has made a custody decree, a court of this state *shall not* modify that decree unless (a) it appears . . . that the court which rendered the decree does not now have jurisdiction under jurisdictional prerequisites substantially in accordance with this title or has declined to assume jurisdiction to modify the decree . . . ." (Italics added.) (§ 5163, subd. (1).)[4]

Similarly, the PKPA provides that a state must enforce and shall not modify "any child custody determination made consistently with the provisions of this section by a court of another State." (28 U.S.C. § 1738A(a).) Like the UCCJA, the PKPA provides that an out-of-state custody order may be modified only if the issuing court no longer has jurisdiction or has declined to exercise jurisdiction. (28 U.S.C. § 1738A(f).)

 Thus, both the UCCJA and the PKPA require that where, as here, a California court is presented with a child custody proceeding and is informed that a court of another state already may have exercised jurisdiction, the proper inquiry is not whether California could exercise jurisdiction, but whether the first-in-time court's exercise of jurisdiction was in accordance with the UCCJA and the PKPA, and whether that court continues to exercise jurisdiction. (See *Kumar* v. *Superior Court* (1982) 32 Cal.3d 689, 695 [186 Cal.Rptr. 772, 652 P.2d 1003].) The record is clear that the Puerto Rico court had exercised such jurisdiction.

Under both the UCCJA and the PKPA, a court which has jurisdiction under the law of its own state has jurisdiction to enter a custody decree if the child has lived in the state for the six months before the commencement of the proceeding, making that state the child's "home state." (§§ 5152, subd.

---

[3]Under both the UCCJA and the PKPA, the Commonwealth of Puerto Rico is included in the definition of "state." (§ 5151, subd. (10); 28 U.S.C. § 1738A(b)(8).)

[4]This would be true even if the Puerto Rico court had made no custody order, since a California court that is informed about the pendency of custody proceedings in the court of another state is required to stay the California custody proceeding while it communicates with the court of the other state. (§ 5155, subd. (3).) "The UCCJA places an affirmative duty upon the court involved in a custody proceeding to delve deeply into all the records, documents and information that pertain to the issue of custody of the children." (*In re Marriage of Hopson*, *supra*, 110 Cal.App.3d at p. 906.) If the first-in-time court exercises jurisdiction substantially in accordance with the UCCJA, that act requires all other courts to refrain from exercising jurisdiction. (§ 5155, subd. (1).)

(1)(a), & 5151, subd. (5); 28 U.S.C. § 1738A(c)(2)(A)(i) & § 1738A(b)(4).) Alternatively, a state has jurisdiction if it had been the child's home state within six months before the date of the commencement of the proceeding and the child is absent from the state because of his removal or retention by a parent, and a parent continues to live in the state. (§ 5152, subd. (1)(a)(ii); 28 U.S.C. § 1738A(c)(2)(A)(ii).)

Alma Zierenberg contends that William Zierenberg is limited to the California judgment roll, which, on the issue of home state, contains only her declaration that the children lived in California for the six months prior to the commencement of the action. Such a limit would defeat the UCCJA, which directs courts to look beyond their own records. The California judgment roll reveals the existence of the prior Puerto Rico action. We therefore examine—as the trial court should have examined—the exercise of jurisdiction by the Puerto Rico court.

That court made extensive findings of fact and conclusions of law, which were before the California court as part of the motion to vacate. The Puerto Rico court found that Alma Zierenberg and the children had moved to California on September 3, 1989, and that Puerto Rico, and not California, was their home state under the PKPA. The court also found that Puerto Rico had jurisdiction under its own laws.

It is equally clear that at the time the California court acted the Puerto Rico court had not lost jurisdiction. (§ 5163, subd. (1); 28 U.S.C. § 1738A(f)(2).) Under the UCCJA, " '[T]he continuing jurisdiction of the prior court is exclusive. Other states do not have jurisdiction to modify the decree. . . . Only when the child and all parties have moved away is deference to another state's continuing jurisdiction no longer re- quired.' (Bodenheimer, *Interstate Custody: Initial Jurisdiction and Continuing Jurisdiction Under the UCCJA* (1981) 14 Fam.L.Q. 203, 214-215.)" (*Kumar v. Superior Court, supra,* 32 Cal.3d 689, 696, italics omitted.) The PKPA includes a similar provision. (28 U.S.C. § 1738A(d).) William Zier- enberg resided in Puerto Rico throughout the California action and continues to reside there. The Puerto Rico court never declined to exercise jurisdiction. It retained exclusive jurisdiction to make and modify custody orders.

The Puerto Rico court's exercise of jurisdiction was thus "substantially in accordance" with the UCCJA, and further California action was barred by the preemptive effect of the PKPA. (*People* v. *Superior Court (Smolin), supra,* 41 Cal.3d at p. 770.)

Alma Zierenberg makes two additional arguments. First, she suggests, and the trial court agreed, that the fact that Puerto Rico has not adopted the

UCCJA is material to the result here. It is not. The UCCJA requires deference to the courts of states which have not adopted its provisions, as long as they exercise jurisdiction "substantially in accordance" with its dictates. (§ 5162; *In re Marriage of Schwander* (1978) 79 Cal.App.3d 1013, 1019 [145 Cal.Rptr. 325]; *In re Marriage of Hopson, supra,* 110 Cal.App.3d 884, 892-893.)

Alma Zierenberg also argues that the April 23, 1990, and June 21, 1990, Puerto Rico orders were not custody determinations. The argument is without merit. The April 23 order commanded Alma Zierenberg to return the children to Puerto Rico, and the June 21 order also commanded that the children be delivered to their father. Under the UCCJA, custody determination means "a court decision and court orders and instructions providing for the custody of a child." (§ 5151, subd. (2).) Under the PKPA, it is "a judgment, decree, or other order . . . providing for the custody or visitation of a child . . . ." (28 U.S.C. § 1738A(b)(3).) Alma Zierenberg's argument that the Puerto Rico orders commanded her actions but did not adjudicate a custody issue truly draws a distinction without a difference.

The UCCJA was adopted for the purpose of avoiding jurisdictional competition and conflict, promoting interstate cooperation, and avoiding relitigation of another state's custody decisions. (*Kumar* v. *Superior Court, supra,* 32 Cal.3d 689, 695; § 5150.) By ignoring the existence of the Puerto Rico proceedings and the custody orders made in those proceedings, the California court created precisely the situation the UCCJA was designed to prevent.

II

William Zierenberg also contends that the California dissolution is void, arguing that defective service of the action deprived the California court of personal jurisdiction. There is, however, a more fundamental problem with the dissolution. At the time the California court issued its decree, the Puerto Rico court already had entered a decree dissolving the Zierenberg marriage.[5]

Dissolution is an in rem proceeding, in which marriage is the res that is adjudicated. (*Mungia* v. *Superior Court* (1964) 225 Cal.App.2d 280, 284 [37 Cal.Rptr. 285].) No one has challenged the Puerto Rico divorce, and based on the record before us, we have no reason to doubt its validity. Alma Zierenberg made a general appearance in the proceeding, and the Puerto Rico court specifically found that it had jurisdiction to dissolve the marriage.

---

[5]This issue was addressed by the parties in letter briefs at our request.

Thus, at the time of the California decree, the res of marriage no longer existed; there was nothing to dissolve. The California court's decree was thus of no force or effect. We therefore vacate the California judgment of dissolution.

DISPOSITION

The custody orders and the order of dissolution are vacated. Each side to bear its own costs on appeal.

Woods (A. M.), P. J., and Taylor, J.,* concurred.

---

*Judge of the Los Angeles Superior Court sitting under assignment by the Chairperson of the Judicial Council.