Filed 11/18/14  Marriage of Phillips CA4/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA


| | |
|---|---|
| In re the Marriage of LUZVIMINDA B. and STEWART H. PHILLIPS. | D064712 |
| LUZVIMINDA B. PHILLIPS, | |
| Appellant, | (Super. Ct. No. DN174329) |
| v. | |
| STEWART H. PHILLIPS, | |
| Respondent. | |


APPEAL from an order of the Superior Court of San Diego County,

Kelly C. Dowlan, Commissioner.  Affirmed.

William C. Halsey for Appellant.

Sara R. Neumann for Respondent.


In 2013, Luzviminda Phillips filed a petition to dissolve her marriage to Stewart

H. Phillips.  Stewart moved to quash the petition on the ground a court in Guam

entered a final judgment of divorce in 2011, Luzviminda never challenged the validity

of the judgment in Guam and the judgment was entitled to full faith and credit. The trial court granted the motion and dismissed the dissolution petition. Luzviminda appeals, contending the Guamanian divorce (1) is void because both parties were domiciled in California and (2) was obtained by fraud. We reject her contentions and affirm the order.

## DISCUSSION

Luzviminda notes that when the parties signed a marital settlement agreement in 2011 that was later incorporated into the Guamanian judgment of divorce, both parties listed California as their address. Accordingly, Luzviminda asserts both parties were domiciled in California and the Guamanian judgment of divorce is void under Family Code section 2091. (Undesignated statutory references are to the Family Code.) We disagree.

Marriage dissolution is a proceeding in rem where the marriage is the res that is adjudicated. (*Zaragoza v. Superior Court* (1996) 49 Cal.App.4th 720, 724-725.) "'The res which is the subject of adjudication is an intangible. Jurisdiction is exercised not by taking custody of a tangible article, *but by serving process* [] upon the other spouse.'" (*Id.* at p. 725.) Section 2091 is part of the Uniform Divorce Recognition Act. (§ 2090 et seq.) Section 2091 provides the following: "A divorce obtained in another jurisdiction shall be of no force or effect in this state if both parties to the marriage were domiciled in this state at the time the proceeding for the divorce was commenced." The seemingly broad language of section 2091, however, is tempered by section 2093, which provides that "[t]he application of this chapter [which includes

2

section 2091] is limited by the requirement of the Constitution of the United States that full faith and credit shall be given in each state to the public acts, records, and judicial proceedings of every other state."  (See also, 28 U.S.C.A. § 1738 ["[J]udicial proceedings . . . shall have the same full faith and credit in every court within the United States and its Territories and Possessions as they have by law or usage in the courts of such State, Territory or Possession from which they are taken."].)

To be entitled to full faith and credit, the issue of jurisdiction need not have been actively litigated in the court rendering the divorce decree.  (*Heuer v. Heuer* (1949) 33 Cal.2d 268, 271.)  Where a party participated in the proceedings and had full opportunity to litigate the issue, the divorce "decree is binding even though a relitigation of the question of jurisdictional residence requirements in another state might result in a finding that the domiciliary claim was fraudulently asserted for the purpose of obtaining a decree which as a matter of policy could not be procured in the state of actual domicile."  (*Ibid.*)

California generally accords full faith and credit to a divorce recognized as valid in the state in which it was originally granted.  (*Estate of Grimble* (1974) 42 Cal.App.3d 741, 748-749.)  Under the Family Code, " '[s]tate' means a state of the United States, the District of Columbia, or a commonwealth, territory, or insular possession subject to the jurisdiction of the United States." (§ 145.)  Guam is an unincorporated territory of the United States (48 U.S.C.A. § 1421a); thus, Guam is a state within the meaning of the Family Code.  Accordingly, the judicial proceedings of Guam are entitled to full faith and credit if the Guamanian court properly adjudicated

3

the divorce. To determine whether Guam properly adjudicated the parties' divorce, we must examine the Guamanian statutes.

In Guam, a court may grant an uncontested divorce if both parties agree to the terms of the divorce and at least one spouse has resided in Guam for a minimum of seven days immediately preceding the filing of the complaint. (19 G.C.A. § 8318, subd. (b).) If the consent to a divorce is signed in the United States, it must be verified before a notary public. (19 G.C.A. § 8319, subd. (b).) The Guamanian court may grant an uncontested divorce based upon the verified complaint if it appears to be in the interests of justice. (19 G.C.A. § 8320.) If the Guamanian court dissolves the marriage, it enters an interlocutory judgment (19 G.C.A. § 8321), followed by a final divorce decree (19 G.C.A. § 8320).

In 2011, the parties filled out and signed a marital settlement agreement form in California agreeing to settle all matters regarding their marital affairs and intending that the marital settlement agreement be incorporated into any subsequent divorce decree. The marital settlement agreement was notarized. The following month, a Guamanian court entered an interlocutory judgment of divorce and a final divorce decree. The interlocutory judgment stated that the matter was uncontested, the court acquired jurisdiction based on Stewart's residency in Guam for seven days, Luzviminda entered her appearance and consented that the cause be heard as a default matter. The court approved the marital settlement agreement and ordered the parties to perform the terms of the agreement. The final divorce decree reaffirmed the terms of the interlocutory judgment.

4

The recitations within the interlocutory judgment and final divorce decree show the Guamanian court complied with Guamanian statutes governing dissolution of marriage. Nonetheless, where a court decides a collateral attack on the validity of another forum's dissolution judgment, the court is not bound by the first forum's jurisdictional recitals and may make a de novo determination based on extrinsic evidence. (*Crouch v. Crouch* (1946) 28 Cal.2d 243, 249-250.) Here, however, nothing in Luzviminda's sworn declaration challenged the recitations within the interlocutory judgment and final divorce decree. In contrast, Stewart's declaration states he went to Guam in July 2011 to file the divorce action. Accordingly, the trial court properly concluded that the Guamanian divorce decree was entitled to full faith and credit.

Luzviminda next argues she is entitled to relief from the Guamanian divorce decree because Stewart procured it by fraud. She claims Stewart repeatedly told her the divorce was "'pretend.'" Stewart, however, denied telling Luzviminda the divorce was "'pretend'" and claimed Luzviminda willingly participated in the divorce and later held herself out as divorced. Based on this conflicting evidence, the trial court could reasonably reject Luzviminda's claim of fraud.

In summary, because the parties' Guamanian divorce was valid in Guam, it is entitled to full faith and credit here. Thus, the trial court properly granted Stewart's motion to quash as the res of the marriage no longer existed and there was nothing to dissolve. (*In re Marriage of Zierenberg* (1992) 11 Cal.App.4th 1436, 1445.)

5

DISPOSITION

The order is affirmed.

McINTYRE, J.

WE CONCUR:

HALLER, Acting P. J.

O'ROURKE, J.