Filed 9/23/15  Ciokewicz v. Friend CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| JAMES CIOKEWICZ,<br><br>      Plaintiff, Cross-defendant and Appellant,<br><br>      v.<br><br>LESLIE FRIEND et al.,<br><br>      Defendants, Cross-complainants and Respondents. | C074437<br><br>(Super. Ct. No. 34201200117171CUFRGDS) |

Following a bench trial, plaintiff and cross-defendant James Ciokewicz was adjudicated a vexatious litigant pursuant to section 391 of the Code of Civil Procedure and ordered to pay $30,000 in damages to his stepchildren, defendants and cross-complainants Leslie Friend and Christina Edwards (Defendants), for abuse of process. For the first time on appeal, Ciokewicz argues the judgment against him was obtained by fraud and should therefore be set aside.  We conclude that Ciokewicz has waived any

1

argument that the judgment was obtained by fraud. In any event, Ciokewicz does not contend that the judgment was procured by extrinsic fraud sufficient to justify setting aside the judgment, and we perceive no evidence of any such fraud in the record. Accordingly, we will affirm the judgment.

## BACKGROUND

Ciokewicz was married to Christina Allen for more than 20 years. Defendants are Allen's adult children.

During their marriage, Ciokewicz and Allen moved from the Sacramento area to Utah, where they built a home. Allen filed a petition for divorce in Utah in March 2008. The record does not disclose the ultimate disposition of the Utah divorce proceeding; however, Allen appears to have retained possession of the marital home in Utah.

Following the commencement of divorce proceedings in Utah, Ciokewicz left the state and returned to the Sacramento area. Acting in propia persona, Ciokewicz then filed a series of actions against Allen, Defendants, and others in the Sacramento and El Dorado County Superior Courts. These actions are briefly described below.

*The Prior Actions*[1]

1. *Case No. 08FL03566* (*Ciokewicz v. Allen*)

On May 16, 2008, Ciokewicz filed a petition for dissolution of marriage from Allen in Sacramento County Superior Court.[2] Although Allen lives in Utah, Ciokewicz also filed a request for a temporary restraining order (TRO) against her under the

---

[1] The record is notably deficient in relevant documents from the actions described herein. We take judicial notice of our own records in one of Ciokewicz's prior appeals (case No. C064273). We also take judicial notice of the register of actions for case Nos. 34-2009-00045305, 34-2010-00072589, and 34-2012-00117171. (Evid. Code, § 452, subd. (d).)

[2] For each of the actions described herein, Ciokewicz represented himself unless otherwise indicated.

Domestic Violence Protection Act. (Fam. Code, § 6200 et seq.) The TRO was granted, but subsequently dissolved when Ciokewicz failed to appear for the second day of a two-day hearing on a permanent restraining order.

On July 10, 2008, the trial court dismissed the petition without leave to amend on the grounds that (1) Ciokewicz (now represented by his counsel herein, Gordon G. Bones) failed to meet the statutory residence requirements to file for dissolution (Fam. Code, § 2320); and (2) the Utah court was first to acquire jurisdiction over the parties, and was therefore entitled to priority (see *Mungia v. Superior Court* (1964) 225 Cal.App.2d 280, 283).

Undeterred, Ciokewicz sought another TRO against Allen, which was denied. Ultimately, Allen was forced to seek relief from the trial court, which found that Ciokewicz, and his counsel, Bones, "continue[d] to act as though [the] matter [had] not been dismissed." The trial court awarded Allen $1,000 for attorneys' fees incurred as a result of Ciokewicz's intransigence. On March 10, 2009, the trial court denied Ciokewicz's motion to set aside an order dismissing the TROs against Allen, noting that there was no evidence that she posed a threat to him.

2. *Case No. 34-2009-00045305* (*Ciokewicz v. Loya, et al.*)

On June 1, 2009, Ciokewicz filed a civil complaint against Allen and three other individual defendants in Sacramento County Superior Court seeking damages for defamation, fraud, interference with contract, intentional infliction of emotional distress, elder abuse, and negligence. The complaint also asserts a conversion cause of action against Allen based, in part, on the allegation that she borrowed money against the Utah home she previously shared with Ciokewicz and kept the loan proceeds for herself.

The Sacramento County Superior Court's register of actions, of which we take judicial notice, indicates that Allen and two of her co-defendants successfully moved to quash service of summons, and Ciokewicz, through Bones, filed requests for dismissal

3

with prejudice as to all three.  The case was stayed when the remaining defendant filed a petition for bankruptcy.

        *3.  Case No. PFL20090456 (Ciokewicz v. Allen)*

        On June 26, 2009, Ciokewicz filed an application for a TRO against Allen in El Dorado County Superior Court.  He filed additional applications for TROs against Allen in El Dorado County Superior Court on July 1, 2009, and September 15, 2009.  He filed an application to reissue a TRO against Allen in El Dorado County Superior Court on October 2, 2009.

        The TRO appears to have been dissolved and the case dismissed.  Ciokewicz, through Bones, filed a notice of appeal from the judgment of dismissal.  The appeal was dismissed for failure to timely procure the record.  (Cal. Rules of Court, rule 8.140.)[3]

        *4.  Case No. 34-2010-00072589 (Ciokewicz v. Friend, et al.)*

        On March 10, 2010, Ciokewicz filed a civil complaint against Defendants and Does 1-5 in Sacramento County Superior Court.  The complaint alleges that Allen borrowed $130,000 against the Utah home she previously shared with Ciokewicz, channeled the money to Defendants, and left Ciokewicz on the hook for half of the debt.  The complaint asserts causes of action for fraud, elder abuse, conversion, negligence, intentional infliction of emotional distress, and interference with contract, and seeks damages in the amount of $915,000.

        Defendants answered the complaint and the parties proceeded to discovery.  During his deposition (at which he was represented by Bones), Ciokewicz was asked whether he had any written evidence of money being transferred from Allen to Defendants after the date of separation.  Ciokewicz responded that he did not.  Defendants were also deposed in September 2011.  Both testified that they had not

---

[3] Further rule references are to the California Rules of Court.

received any money from their mother.  Immediately following the depositions, Ciokewicz, through Bones, filed a request for dismissal without prejudice, which was granted.

5. *Case No. 11CP00988* (*Ciokewicz v. Anson*)

On December 7, 2011, Ciokewicz filed an application for a TRO against Defendants' attorney, Robert B. Anson, in Sacramento County Superior Court.  The application sought an order prohibiting Anson from representing Allen or Defendants.  The application was denied.

*The Present Action*

On January 17, 2012, Ciokewicz filed another complaint against Defendants and Does 1-5 in Sacramento County Superior Court.  As before, the complaint alleges that Allen borrowed $130,000 against the Utah home, channeled the money to Defendants, and left Ciokewicz liable for half the debt.  Indeed, the complaint is virtually identical to the complaint in case No. 34-2010-00072589, which Ciokewicz had dismissed some four months earlier.

Defendants answered the complaint and filed a cross-complaint on February 10, 2012.  We have not been provided with a copy of the cross-complaint; however, the judgment (discussed below) indicates that the cross-complaint seeks declaratory relief, a declaration that Ciokewicz is a vexatious litigant, and damages.

The parties appeared for trial on April 30, 2013.  During the one-day bench trial, Ciokewicz, acting in propia persona, adduced evidence that defendant Friend owns a home in Galt with his wife, a muffler repair business, and a racecar.  Ciokewicz testified that, in his opinion, Friend would not have been able to afford these things unless he received money from his mother.  However, Ciokewicz acknowledged on cross-examination that he did not have any written evidence that either of the defendants received money from their mother.  Defendants both testified that they never received any money from their mother.

5

During the trial, defense counsel walked Ciokewicz through the litigation described above, and offered a 4-page print out of a case index search for "CIOKEWICZ, James," from the Sacramento County Superior Court's website. The case index identifies 38 search results for "CIOKEWICZ, JAMES," "CIOKEWICZ, JAMES N," or "CIOKEWICZ, JAMES NICOLAS" from 1971 through 2012, and one search result for "CIOKEWICZ, JAMES N. JR." from 2004. A number of the search results for "CIOKEWICZ, JAMES," "CIOKEWICZ, JAMES N," or "CIOKEWICZ, JAMES NICOLAS" appear to be duplicates. Excluding duplicates, the index identifies 23 unique search results for "CIOKEWICZ, JAMES," "CIOKEWICZ, JAMES N," or "CIOKEWICZ, JAMES NICOLAS."

When confronted with the case index, Ciokewicz testified as follows:

"[Q:] Have you filed over 30 lawsuits in the last 20 years in this county?

"[A:] Let's see. Thirty lawsuits in the last 20 years?

"[Q:] There seems to be a list.

"[A:] I can't recall that many, but I'm looking here. When you've got to go to court, that's what the courts are for, justice."

A short time later, Ciokewicz testified:

"[Q:] Earlier I showed you a list of over 30 cases with your name on them. [¶] . . . [¶] Do you recall filing those lawsuits? Were you a plaintiff in all those lawsuits?

"[A:] For these last 40 years or what?

"[Q:] Well, it goes back to about 2004 or further back.

"[A:] It goes back to 1972. Let's see. Here is one 19 – this is your whole life here.

"[Q:] So is it your testimony that you filed all those lawsuits?

"[A:] It may have been an attorney filed some [of] these on my behalf."

6

Later still, defense counsel offered the index into evidence, stating, "I would also offer Exhibit K, which is the index search system which is the record of Sacramento County cases that have been filed via the court website, along with Mr. Ciokewicz's testimony that he was the plaintiff in most of these cases, I believe." Ciokewicz responded, "I what?" Defense counsel then asked, "You were the plaintiff in most of these cases?" Ciokewicz responded, "Yes. That's why I went. These people put false statements against me, made me look bad, and that's why I wanted them to go to court for, to hold up to it. I don't know of any other way to get there." Ciokewicz did not deny filing any of the actions on the index or suggest that they might have been filed by anyone else. Neither Ciokewicz nor anyone else appears to have noticed that some of the entries on the index appear to be duplicates.

During closing argument, defense counsel characterized Ciokewicz as "the quintessential vexatious litigant," stating: "The Court heard testimony, and he admitted 30 lawsuits, 40 lawsuits maybe in 20 years. He's got them going all the time. The guy is a professional litigant."

Following the close of evidence and argument, the trial court ruled from the bench, finding that Ciokewicz failed to prove any of his claims by a preponderance of the evidence. Turning to Defendants' cross-complaint, the trial court adjudicated Ciokewicz a vexatious litigant and awarded damages for abuse of process in the total amount of $30,000. The trial court imposed a pre-filing order pursuant to Code of Civil Procedure section 391.7, subdivision (a), barring Ciokewicz from filing any new litigation without leave of the presiding judge.

Ciokewicz did not file a motion to set aside the judgment in the trial court. (Code Civ. Proc., § 473.) Ciokewicz filed a timely notice of appeal.

7

## DISCUSSION

### I.

*The Appeal*

On appeal, Ciokewicz contends the judgment against him on Defendants' cross-complaint was obtained by fraud because Defendants and/or their counsel falsely represented that "James N. Ciokewicz, *Sr.*" was responsible for all of the cases on the index, when in fact, Ciokewicz claims, "a substantial majority" of cases originated with his son, "James N. Ciokewicz, *Jr.*" (Italics added.) According to Ciokewicz, "[t]he trial court erred in finding that [he] was a vexatious litigant as given the fact that [Defendants] intentional [*sic*] misrepresented the truth that [Ciokewicz's] son James Ciokewicz, Jr., whom [Defendants] knew, was the subject of a substantial portion of the lawsuits referenced by [Defendants] during the trial." Although Ciokewicz uses somewhat different terminology in characterizing his claims, we understand him to argue that Defendants and/or their counsel obtained the judgment by fraud by offering perjured testimony or concealing material evidence.[4] None of these contentions can be considered on appeal, no matter how they are characterized, because they are based on arguments and evidence that were never presented to the trial court.

---

[4] Ciokewicz characterizes his claims against Defendants as claims involving "intentional misrepresentations of material fact." We note that Ciokewicz did not assert any such cause of action in the trial court. We also note that a cause of action based on alleged misrepresentations made during the trial would be barred by the litigation privilege. (Civ. Code, § 47, subd. (b); *Rusheen v. Cohen* (2006) 37 Cal.4th 1048, 1057 [an in-court communication made to achieve a litigation objective is absolutely privileged].)

Ciokewicz also characterizes defense counsel's purported misconduct as "contempt." There is nothing in the record to suggest that contempt proceedings were ever initiated against defense counsel. Furthermore, as we shall discuss, there is nothing in the record to suggest that defense counsel engaged in any misconduct, let alone misconduct amounting to contempt of court. Ciokewicz's reliance on cases involving attorneys found to have been in contempt of court is therefore misplaced.

8

"It has long been the general rule and understanding that 'an appeal reviews the correctness of a judgment as of the time of its rendition, upon a record of matters which were before the trial court for its consideration.' " (*In re Zeth S.* (2003) 31 Cal.4th 396, 405.)  None of Ciokewicz's factual arguments concerning the composition of the index were raised in the trial court.[5]  Although we have the ability to receive additional evidence in exceptional circumstances, no such circumstances are present here.  (*Vons Companies, Inc. v. Seabest Foods, Inc.* (1996) 14 Cal.4th 434, 444, fn. 3.)  We therefore decline to consider Ciokewicz's new factual arguments.

Furthermore, Ciokewicz has waived any fraud-based challenge to the judgment.  "It is well established that issues or theories not properly raised or presented in the trial court may not be asserted on appeal, and will not be considered by an appellate tribunal.  A party who fails to raise an issue in the trial court has therefore waived the right to do so on appeal.  [Citations.]" (*In re Marriage of Eben-King and King* (2000) 80 Cal.App.4th 92, 117.)  Having failed to seek relief in the trial court, Ciokewicz has waived any fraud-based challenge to the judgment on appeal.  (*B & P Development Corp. v. City of Saratoga* (1986) 185 Cal.App.3d 949, 959 [party may not raise new issues not presented in the trial court]; *Bardis v. Oates* (2004) 119 Cal.App.4th 1, 13, fn.6 [defendant-appellant cannot assert a new theory of defense for the first time on appeal].)

---

[5]  We also observe that Ciokewicz's brief fails to comply with rule 8.204(a)(1)(C), which requires that each brief must "[s]upport any reference to a matter in the record by a citation to the volume and page number of the record where the matter appears." (Rule 8.204(a)(1)(C).)  Although Ciokewicz accuses Defendants of making "intentional misrepresentations" to the trial court, he does not provide us with a single citation to any alleged misrepresentation in the record.  We generally disregard factual assertions for which proper support is not provided.  (*Regents of University of California v. Sheily* (2004) 122 Cal.App.4th 824, 826, fn. 1 ["It is not the task of the reviewing court to search the record for evidence that supports the party's statement; it is for the party to cite the court to those references.  Upon the party's failure to do so, the appellate court need not consider or may disregard the matter"].)

Even if Ciokewicz's fraud claims were properly before us, we would reject them. In ruling upon motions to set aside the judgment on the ground of fraud, courts distinguish extrinsic fraud from intrinsic fraud. " 'Fraud is extrinsic where the defrauded party was deprived of the opportunity to present his or her claim or defense to the court, that is, where he or she was kept in ignorance or in some other manner, other than from his own conduct, fraudulently prevented from fully participating in the proceeding.' [Citation.]" (*Home Ins. Co. v. Zuirch Ins. Co.* (2002) 96 Cal.App.4th 17, 26-27.) On the other hand, " 'fraud is intrinsic if a party has been given notice of the action and has not been prevented from participating therein, that is, if he or she had the opportunity to present his or her case and to protect himself or herself from any mistake or fraud of his or her adversary, but unreasonably neglected to do so.' " (*Id.* at p. 27.) "Generally, the introduction of perjured testimony or false documents, or the concealment or suppression of material evidence is deemed intrinsic fraud." (*Ibid.*)

There is nothing in the record to suggest that Ciokewicz was deprived of an opportunity to present any of his claims or defenses to the trial court. To the contrary, the record confirms that Ciokewicz participated fully in the proceedings. He made an opening statement, called witnesses, cross-examined witnesses, and made a closing argument. He was directly questioned about the case index and had ample opportunity to present evidence that his son was responsible for some, or even a "substantial majority," of the cases. If, as Ciokewicz now claims, a substantial majority of the cases originated with his son, then he could have—and should have—so testified. Nothing Defendants or their counsel did prevented Ciokewicz from setting the record straight; and his suggestion that they had an obligation to go beyond his testimony (which made no mention of a James N. Ciokewicz, Jr.) and inform the trial court of the existence of a son who might have been responsible for some of the cases borders on the absurd. Accordingly, Ciokewicz's fraud claim is, at best, a claim of intrinsic fraud that "goes to an issue involving the merits of the prior proceeding which [Ciokewicz] should have guarded

10

against at that time." (*In re Marriage of Stevenot* (1984) 154 Cal.App.3d 1051, 1069.) As such, the purported fraud would not have provided a basis for setting aside the judgment, even assuming that it had been properly raised in the trial court. (*Id.* at pp. 1069-1070 [Intrinsic fraud is not a valid ground for setting aside a judgment].)

Furthermore, though not necessary to our decision, we note that the record belies Ciokewicz's allegations. We have carefully reviewed the record and find nothing to suggest that Defendants made any representations concerning the case index, let alone any intentional misrepresentations. Although defense counsel characterized the index as "a list of over 30 cases with your name on them," he did so in the context of his cross-examination of Ciokewicz. As noted, there was nothing stopping Ciokewicz from testifying that some or a majority of the cases originated with his son. Indeed, Ciokewicz was in as good a position as anyone to know which cases he was responsible for. Likewise, there was nothing stopping Ciokewicz from directing the trial court's attention to the fact that some of the cases on the index appear to be duplicates. Although Ciokewicz takes defense counsel to task for failing to account for duplicates, Ciokewicz himself did not raise the issue until his reply brief. On this record, we perceive no evidence that Defendants or defense counsel engaged in any wrongdoing, let alone the type of wrongdoing that would justify Ciokewicz's allegations of fraud and professional misconduct.

Finally, we reject Ciokewicz's contention, made for the first time in his reply brief, that the trial court abused its discretion in adjudicating him a vexatious litigant.**6** "It is axiomatic that arguments made for the first time in a reply brief will not be

---

**6** We also reject Ciokewicz's claim—made for the first time in his reply brief—that the trial court violated his rights under the U.S. Constitution and Americans with Disabilities Act (42 U.S.C. § 12101 et seq) by denying his request to appear by telephone in one of his previous cases against Allen.

11

entertained because of the unfairness to the other party." (*People v. Tully* (2012) 54 Cal.4th 952, 1075.) Ciokewicz does not offer any explanation for his failure to present the argument earlier. Accordingly, we decline to consider it.

We therefore conclude that Ciokewicz's appeal lacks merit. We next consider whether the appeal is also frivolous such that sanctions are warranted.

II.

*The Motion for Sanctions*

By written motion, Defendants ask that we impose sanctions on Ciokewicz and his attorney, Bones, for filing a frivolous appeal. (Code Civ. Proc., § 907; rule 8.276; *In re Marriage of Flaherty* (1982) 31 Cal.3d 637, 650 (*Flaherty*).) Although Ciokewicz's claims lack merit, we decline to find that they are so egregious as to warrant the imposition of sanctions. (*Flaherty, supra,* at p. 650 ("An appeal that is simply without merit is *not* by definition frivolous and should not incur sanctions"].) Accordingly, Defendants' motion is denied.

## DISPOSITION

The judgment is affirmed. Respondents Leslie Friend and Christina Edwards shall recover their costs on appeal. (Cal. Rules of Court, rule 8.278(a)(1) & (2).)


 RENNER            , J.



We concur:



 RAYE            , P. J.



 BUTZ            , J.